IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Catherine Rannow, | ) | |
| | ) | |
| Debtor, | ) | Case No.  09-62571-abf7 |
| | ) | |
| Catherine Rannow, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | Adversary No. |
| | ) | |
| Sallie Mae, MOHELA (Missouri Higher | ) | |
| Education Loan Authority), ACS/ | ) | |
| DEUTSCHE Bank and Charter One | ) | |
| Bank, N.A. | ) | |
| | ) | |
| Defendants. | ) | |

COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF
CERTAIN STUDENT LOAN DEBTS UNDER 11 U.S.C. 523

COMES NOW, Catherine Rannow, by and through her attorney of record, and for her cause of action to determine the dischargeability of certain student loan debt states to the Court as follows:

1. Debtor, Catherine Rannow, filed for relief under chapter 7 of the United States Bankruptcy Code on November 12, 2009.

2. Thomas J. O'Neal was appointed the Chapter 7 trustee in this matter.

3. The Plaintiff is the Debtor in this matter and resides in Conway, Laclede County, Missouri.

4. This is an action to seek a determination as to the dischargeability of certain student loan debts pursuant to 11 U.S.C. 523(a)(8).

5. This Court has jurisdiction pursuant to 28 U.S.C. 157(b)(2)(I) and 1334.

6. Venue is proper in the Western District of Missouri pursuant to 28 U.S.C. 1408 and 1409.

7. Debtor became a student at Ozark Technical Community College in the Fall of 2005.

8. In order to pay for her education Ms. Rannow applied for and received student loans from defendants.

9. Prior to the completion of her course work on July 3, 2007, Debtor's daughter, Jessica Antunez, was sentenced to 20 years in Federal Prison for drug trafficking.

10. At about this same time the father of Jessica Antunez's three minor children was sentenced to 16 years in Federal Prison for drug trafficking.

11. On July 27, 2007, Debtor became the guardian and custodian for her daughter's three minor children, now ages 14, 9 and 6.

12. Currently Debtor resides with the three minor children and her elderly mother at her mother's home.

13. Debtor has also become responsible for the care of her elderly mother who is diabetic and suffers from neuropathy.

14. Due to her obligations and duties as guardian for the three minor children and providing care for her elderly mother, Debtor has been unable to complete her course work.

15. Soon after her daughter's incarceration Debtor began receiving billing statements regarding student loans in her name.

16. Prior to this time Debtor was unaware of two certain student loans from defendant Sallie Mae and one certain student loan from Charter One Bank, N.A.

17. Once Debtor found out about these student loans she confronted her daughter, Jessica Antunez, about the existence on these loans.

18. Upon being confronted about the student loans Jessica Antunez confessed to her mother that she had taken out the student loans in the Debtor's name without her consent.

## COUNT I

### STUDENT LOANS DISCHARGEABLE BASED UPON UNDUE HARDSHIP
11 U.S.C. 523(a)(8)

COMES NOW, Plaintiff, and for Count I of her Complaint for Student Loan Discharge under 11 U.S.C. 523(a)(8) states to the Court as follows:

19. Plaintiff restates and realleges each and every allegation of paragraphs 1 through 18 as if fully set forth herein.

20. Defendant's account numbers on these student loan debts are: Sallie Mae, Account Number #953873861710001200; Sallie Mae Account #953873861710002200; Sallie Mae Account #95821417491001220; MOHELA (Missouri Higher Education Loan Authority) Account #4677972023MO00005; MOHELA (Missouri Higher Education Loan Authority) Account #4677972023MO00006; ACS/Deutsche Bank Account #503528…; and Charter One Bank, N.A. Account #03950039.

21. Since July 3, 2007, Debtor has had the responsibility for raising and caring for three minor children.

22. Debtor's current income consists of Social Security, Government Assistance, Food Stamps and TANF (temporary assistance for needy families) in the total amount of $2,380.00 per month.

23. Debtor's expenditures total $2,301.20 per month.

24. Debtor's expenditures do not include housing because at the present time Debtor resides with her elderly mother at her home and is only financially responsible to her mother for helping with utilities and other occasional household bills.

25. Debtor's mother is 80 years of age and her health is failing, it is unreasonable to expect her to have a long life expectancy.

26. Upon the death of Debtor's mother the Debtor's housing situation will be speculative at best. At this time Debtor would inherit one-third of her mother's home while her two siblings would each inherit the other two-thirds leaving Debtor at the mercy of the good will of her siblings, assuming they have no creditors, or paying rent to her siblings along with the added expense of property taxes and insurance, or being a participant in a sale of partition action to dispose of the home. This scenario of inheritance assumes there are no claims against Debtor's parent's estate.

27. Based upon Debtor's current family situation she will be responsible for the care of minor children until she is approximately 73 years old.

28. Due to her inability to complete her course work, the added responsibility of raising three minor children and caring for her elderly mother Debtor is unable keep and maintain gainful employment.

29. Debtor's income will likely remain at or near its current level for the foreseeable future.

30. Debtor's expenses include only the necessities required to maintain a minimal standard of living for herself and her dependents.

31.  It is reasonable to expect that Debtor would not be able to maintain the minimal standard of living of her and her dependents if required to repay student loans.

32.  Debtor's state of affairs are likely to persist or even deteriorate throughout the repayment period of the student loans, for example, Debtor's budget does not include expenditures for a car payment, her vehicle is 15 years old and in need of replacement at this time.

33.  Debtor has made payments on the student loans to the best of her ability and participated in loan deferment programs.

WHEREFORE, Plaintiff prays that this Court enter an order determining that the student loan obligations would impose an undue hardship on the Debtor and find that said student loan debt is dischargeable under 11 U.S.C. 523(a)(8) and for such other and further relief as the Court deems just and proper.

## COUNT II

## DECLARATORY JUDGMENT

COMES NOW, Plaintiff, and for her Complaint against Defendants Sallie Mae, MOHELA (Missouri Higher Education Loan Authority), ACS/Deutsche Bank and Charter One Bank, N.A. seeking a Declaratory Judgment as to the actual obligation of certain student loan debt states and alleges to the Court as follows:

34.  Plaintiff restates and realleges each and every allegation of paragraphs 1 through 33 as if fully set forth herein.

35.  Defendant's account numbers on these debts are:  Sallie Mae, Account Number #953873861710001200; Sallie Mae Account #953873861710002200; Sallie Mae Account #95821417491001220; MOHELA (Missouri Higher Education Loan Authority) Account #4677972023MO00005;MOHELA (Missouri Higher Education Loan Authority) Account #4677972023MO00006; ACS/Deutsche Bank Account #503528…; and Charter One Bank, N.A. Account #03950039.

36.  Debtor did not apply for the following student loans:  Sallie Mae, Account Number #953873861710001200; Sallie Mae Account #95821417491001220; and Charter One Bank, N.A. Account #03950039.

37.  Debtor's daughter, Jessica Antunez, applied for these student loans in the Debtor's name without the knowledge, permission or consent of Debtor.

38.  Debtor did not receive any of the student loan proceeds or benefit in any way from the debt obligation.

39. Debtor's daughter, Jessica Antunez, admitted to Debtor that she applied for the student loans from Sallie Mae, Account Number #953873861710001200; Sallie Mae Account #95821417491001220; and Charter One Bank, N.A. Account #03950039 and used the money herself and intended to repay the loans without the Debtor's knowledge.

WHEREFORE, Plaintiff prays that this Court enter an order declaring that the student loans applied for by Jessica Antunez are her obligation and not the obligation of Debtor and that therefore Debtor shall not be responsible for repayment of the same, and for such other and further relief as the Court deems just and proper.

Dated: February 16, 2010.

O'NEIL, O'NEIL & YORK


/s/     Robert E. O'Neil
Robert E. O'Neil #50978
301 North Adams
Lebanon, Missouri 65536
Email:  oneil@oneiloneilyork.com
Phone: (417) 532-2101
Fax:     (417) 532-5780

Attorneys For Plaintiff